UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ROMEL LEE DAVISHUSSUNG,

                Plaintiff,                           Case No. 2:14-cv-261

v.                                              Honorable R. Allan Edgar

UNKNOWN PARTY(IES) et al.,

                Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Kathleen Olson and Unknown Part(y)(ies). The Court will serve the complaint against Defendants Unknown Maki, Unknown Johnston and Unknown Baier.

**Discussion**

I.      Factual allegations

Plaintiff presently is incarcerated at the Alger Correctional Facility but complains of events that occurred at the Kinross Correctional Facility (KCF).  In his *pro se* complaint, he sues Deputy Warden Kathleen Olson, Yard Officers Unknown Maki, Unknown Johnston and Unknown Baier, and Unknown Part(y)(ies).

While walking in the prison yard on December 4, 2014, Plaintiff was attacked by five inmates, who struck him thirteen times with a metal knife.  During the attack, Plaintiff saw Officers Baier, Johnston and Maki talking and looking in Plaintiff's direction.  Plaintiff screamed for help several times but none of the officers came to assist him.  After Plaintiff managed to get away, he ran to the officers and they escorted Plaintiff to the prison medical center.  Plaintiff was eventually rushed to the hospital, where he received five staples in his head and five stitches in his left ear. When Plaintiff returned to KCF, Plaintiff claims that he was held in segregation for eleven days and never cleaned up or checked on until he was transferred to the Alger Correctional Facility.

Plaintiff does not specifically list any constitutional violations in his complaint. Reading his complaint liberally, however, Plaintiff alleges that Officers Baier, Johnston and Maki violated his Eighth Amendment rights when they failed to protect him and when they failed to provide Plaintiff with medical treatment while in segregation.  *See Haines*, 404 U.S. at 520.

For relief, Plaintiff requests a trial and monetary damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

-3-

While Plaintiff lists Deputy Warden Olson and Unknown Part(y)(ies) as Defendants in his action, he does not allege any involvement by Olson or the Unknown Part(y)(ies) in the allegations of his complaint.  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").  Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendants Olson and Unknown Part(y)(ies).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Olson and Unknown Part(y)(ies) will be dismissed for failure to state

a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court

will serve the complaint against Defendants Maki, Johnston and Baier.

An Order consistent with this Opinion will be entered.

Dated:  4/13/2015                            /s/ R. Allan Edgar
                                        R. ALLAN EDGAR
                                        UNITED STATES DISTRICT JUDGE